```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION
---------------------------------------------------------------------X
MICHAEL SINGLETON,
                                                    CASE NO.: 20-cv-60592
                    Plaintiff,

        -against-

THE MOVING EXPERT, INC. d/b/a KARVIN
VAN LINES and MITCHELL KARVIN, individually
and in his full capacity,
                    Defendant.
---------------------------------------------------------------------X
```

## COMPLAINT

Plaintiff, MICHAEL SINGLETON, through his counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendants THE MOVING EXPERTS INC. d/b/a KARVIN VAN LINES and MITCHELL KARVIN, and alleges as follows:

## NATURE OF THE CASE

1. This is an action for relief from violations of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to hostile work environment, race discrimination, retaliation, and unlawful termination.

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination against Plaintiff with regards to his employment on the basis of race and color, hostile work environment predicated on racial discrimination, employer retaliation as a result of Plaintiff's opposition to unlawful discrimination, and Defendant's wrongful termination of Plaintiff on the basis of Plaintiff's opposition to aforementioned unlawful practices.

1

## JURISDICTION AND VENUE

3. This is an action for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1981 ("Section 1981").

4. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under 42 U.S.C. § 1981.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendant was located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

6. Plaintiff MICHAEL SINGLETON ("SINGLETON") is an individual man of African-American race.

7. At all times relevant to this Complaint, Plaintiff was employed by Defendant as a Mover.

8. Defendant MITCHELL KARVIN ("KARVIN") is a for profit corporation, existing by the virtues and laws of the State of Florida.

9. At all material times, KARVIN is a moving company, located and operated in Broward County, Florida.

10. Defendant Mitchell Karvin ("Mr. Karvin") a Caucasian male, is an adult individual, resident of the State of Florida, and the Owner of Karvin Movers.

11. At all material times, Mr. Karvin controlled many of the tangible aspects of Plaintiff's job duties, including holding the power to fire Plaintiff.

12. Defendant William Karvin ("WILLIAM") a Caucasian male, is an adult individual, resident of the State of Florida, and the Director of Transportation of Karvin Movers.

13. At all material times, WILLIAM controlled many of the tangible aspects of Plaintiff's job duties, including holding the power to fire the Plaintiff.

14. At all times relevant to this Complaint, Karvin Movers meet the definition of an "employer" under all applicable state and local statutes.

## STATEMENT OF FACTS

15. Plaintiff as an individual man of the African-American race, is a member of a class of persons protected from discrimination in their employment under 42 U.S. CODE § 1981.

16. In or around September 2005, Karvin Movers hired Plaintiff as a Mover.

17. Plaintiff's job duties included packing, moving, loading and transporting items in and around the State of Florida.

18. At all material times, Mr. Karvin and WILLIAM treated Plaintiff differently than they did Caucasian employees and other Non-African Americans.

19. Throughout Plaintiff's employment at Karvin Movers, Plaintiff was subjected to degradation, humiliation and disparate treatment on account of his race.

20. On many occasions, WILLIAM referred to the African-American staff as "NIGGER."

21. Throughout Plaintiff's employment, Mr. Karvin referred to Plaintiff as "DUMB NIGGERS" and "STUPID NIGGERS."

22. Plaintiff verbally complained to Mr. Karvin about the humiliating treatment from WILLIAM, and specifically about being called a "NIGGER" by WILLIAM. Mr. Karvin did not take any corrective or disciplinary action against WILLIAM, and further allowed WILLIAM'S discriminatory treatment of Plaintiff to continue.

23. On or about June 17, 2018, while moving furniture in New York, Plaintiff was threatened by Mr. Karvin to be left behind. Mr. Karvin left Plaintiff to find his way to Florida from New York.

24. In or around August 2018, WILLIAM attacked Plaintiff stating that he was not, "… SCARED OF NIGGERS."

25. In or around November 2018, WILLIAM attacked Plaintiff and a second African-American mover saying, 'I AINT SCARED OF YOU NIGGERS, FUCK YOU AND YOUR BOY."

26. Again, Plaintiff complained to Mr. Karvin about WILLIAM'S discriminatory language and conduct.

27. Mr. Karvin retaliated against Plaintiff for his complaint by suspending Plaintiff without any stated reason for an entire week.

28. Plaintiff was routinely given tasks not associated with his job duties by WILLIAM in an attempt to frustrate and humiliate Plaintiff.

29. At all material times, the Defendant did not use degrading and discriminatory language to Non-African Americans.

30. At all material times, the Defendant did not engage in degrading and discriminatory conduct in the work place with respect to Non-African Americans.

31. Throughout Plaintiff's employment, Non-Black employees occupied more prestigious job roles/ titles and were constantly provided better work-related opportunities by the Defendant.

32. Mr. Karvin knew or had reason to know that WILLIAM had continuously engaged in a practice of racial discrimination against Plaintiff in relation to his employment at Karvin Movers.

33. Mr. Karvin refused to investigate nor take any remedial action, despite multiple complaints by Plaintiff, because of Plaintiff's race.

34. Mr. Karvin chose to retain WILLIAM as an employee of Karvin Movers and fire Plaintiff on account of Plaintiff's race.

35. At all material times, Caucasian employees and Non-African Americans were not subjected to such discriminatory conduct by the Defendant.

36. Defendant discriminated against, and terminated Plaintiff on the basis of Plaintiff's race, and color, and because Plaintiff complained of and opposed Defendant's unlawful conduct.

37. The above are just some examples of the unlawful discrimination and retaliation to which the Defendant have subjected Plaintiff.

38. The Defendant discriminated against Plaintiff as it related to the terms and conditions of his employment, because of Plaintiff's race.

39. The Defendant retaliated against Plaintiff because he complained, reported or otherwise opposed Defendant's illegal conduct.

40. The Defendant subjected Plaintiff to a hostile work environment based on Plaintiff's race.

41. Plaintiff claims a continuous practice of discrimination and make all claims herein under the continuing violations doctrine.

42. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured humiliation resulting in severe emotional distress, severe depression, extreme anxiety, and accompanying physical ailments.

43. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses,

emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

45. As Defendant actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

46. Plaintiff claims alternatively (in the event Defendant claim or the Court determines) that Plaintiff is an Independent Contractor; Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

## **COUNT I: DISCRIMINATION UNDER 42 U.S. CODE § 1981**

47. Plaintiff incorporates by reference each and every allegation made in the above paragraphs 1 through 46, as though fully set forth herein.

48. 42 U.S. Code § 1981 - Equal rights under the law states provides:

    (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

    (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

    (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

49. At all times material hereto, Defendant was/were "employers" within the meaning of 42 U.S.C. §1981.

50. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of 42 U.S.C. §1981.

51. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with Defendant.

52. At all times material hereto, Plaintiff's job performance was satisfactory or above satisfactory.

53. Defendants engaged in unlawful employment practices that violated 42 U.S.C §1981, by discriminating against Plaintiff on account of Plaintiff being of the African American race.

54. Defendants violated Section 1981 by intentionally discriminating against Plaintiff in a serious tangible way with respect to compensation, terms, conditions or privileges of his employment.

55. Plaintiff's race characteristics were a determinative or motivating factor in Defendants' employment actions.

56. The Defendants cannot show any legitimate Non-discriminatory reason for the statements made to Plaintiff, their employment practices and any reasons proffered by the Defendant for their actions against Plaintiff are pretextual and can readily be disbelieved.

57. Plaintiff's protected status played a motivating part in the Defendant's decisions even if other factors may also have motivated Defendant's actions against Plaintiff.

58. Defendant's Agent WILLIAM'S harassment and highly offensive conduct and statements to Plaintiff on account of Plaintiff's race adversely affected the terms, conditions, and privileges of Plaintiff's employment.

59. During the course of his employment with the Defendant, Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by the Defendant's Agent WILLIAM due to his racial animus towards Plaintiff, as is set forth in more detail above.

60. Plaintiff made several complaints about the severe and pervasive discrimination to Karvin Movers Owner Mr. Karvin, who failed to take any remedial measure or otherwise ratified WILLIAM's discriminatory conduct.

61. Defendant's conduct was adequately severe and pervasive so as to alter the work environment and create an abusive and hostile work environment for Plaintiff.

62. Defendant acted upon a continuing course of conduct.

63. Defendant constantly enforced a purposefully discriminatory pattern and practice of depriving Plaintiff, an African-American individual, of the equal rights afforded to him, in violation of 42 U.S.C. §1981.

64. Defendant violated Section 1981, and Plaintiff suffered numerous damages as a result.

65. Plaintiff makes its claim against Defendant under all of the applicable paragraphs of 42 U.S. Code § 1981.

66. As a result of Defendant's violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits to the Plaintiff.

67. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

68. As a result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience,

mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) back pay and front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

## COUNT II: § 1981 RETALIATION

69. Plaintiff incorporates by reference each and every allegation made in the above paragraphs 1 through 46, as though fully set forth herein.
70. Plaintiff, as an African-American man, was discriminated against by the Defendant in relation to his employment because of his race, in violation Section 1981.
71. Plaintiff engaged in protected activity by making several complaints to the Defendant and opposing Defendant's unlawful actions.
72. Plaintiff was subjected to materially adverse actions by Defendant, at the time or within a relatively short time after the protected conduct took place.
73. There was a causal connection between the Defendant's materially adverse actions and Plaintiff's protected activity.
74. The Defendant's actions were "materially adverse" because they were serious enough to discourage a reasonable worker from engaging in protected activity.

75. As a result of the Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) back pay and front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

### COUNT III: § 1981 HOSTILE WORK ENVIRONMENT

76. Plaintiff incorporates by reference each and every allegation made in the above paragraphs 1 through 46, as though fully set forth herein.
77. Defendant subjected Plaintiff to harassment motivated by Plaintiff's racial characteristics as an African-American man.
78. Defendants' discriminatory conduct was not welcomed by Plaintiff.
79. Defendants repeatedly referred to Plaintiff as a "NIGGER."
80. Defendants' conduct was so severe and/or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile or abusive.
81. As a result of Defendants' conduct, Plaintiff genuinely believed his work environment was hostile or abusive.

82. As a result of the hostile work environment, Plaintiff suffered a "tangible employment action" defined as a significant change in employment status, failure to promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

83. Defendant failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, and/ or failing to provide a reasonable way for Plaintiffs to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

84. Defendant acted upon a continuing course of conduct.

85. As a result of Defendant's violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendant and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) back pay and front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues raised by this complaint.

Dated: Miami, FL
     March 18, 2020

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

By: /s/ Tiffani-Ruth Brppks
Tiffani-Ruth Brooks
Fla Bar No. 1010664
Derek Smith Law Group, PLLC
*Attorneys for Plaintiffs*
701 Brickell Ave, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Tiffani@dereksmithlaw.com