UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60592-CIV-ALTMAN/Hunt

**MICHAEL SINGLETON**,

      Plaintiff,
v.

**THE MOVING EXPERT, INC.**
*and* **MITCHELL KARVIN**,

      Defendants.
_____/

## ORDER DENYING MOTION TO SERVE ELECTRONICALLY

**THIS MATTER** comes before the Court on the Defendant's Motion to Serve the Defendants Electronically [ECF No. 5].

The Plaintiff has alleged that both defendants—The Moving Expert, Inc., and Mitchell Karvin—are Florida residents. The Moving Expert, after all, is incorporated in Florida, and its sole registered agent, director, and officer is Mitchell Karvin, a Florida resident. Both Defendants apparently share the same Florida address. Because this address is within a "judicial district of the United States," Federal Rule of Civil Procedure 4(e) applies.

Under Rule 4(e), a plaintiff may serve a complaint on a defendant in one of several ways: (a) by delivering a copy of the complaint and summons to the individual personally; (b) by leaving a copy of the complaint and summons at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) by delivering a copy of the complaint and summons to an agent of the defendant. The Rule does not permit service by certified or electronic mail.

Rule 4(e)(1), on the other hand, allows for service in accordance with the law of the state in which the federal court sits—here, Florida. Unfortunately for the Plaintiff, neither of the relevant Florida statutes—§48.031 (service of process generally) and § 48.081–48.091 (Service on a corporation)—permits service via certified or electronic mail.

The Court therefore **DENIES** the Plaintiff's Motion to Serve the Defendants Electronically [ECF No. 5].

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of May 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record